### WELCH v. WATERBURY CO.

(Supreme Court, Appellate Division, Second Department. April 7, 1911.)

1. MASTER AND SERVANT (§ 252*)—INJURIES—NOTICE OF INJURY—SUFFICIENCY —PLACE AND CAUSE OF INJURY.

A servant's notice of injury, stating that because of the greasy, slippery, and defective condition of the floor around the machine at which he worked, he slipped and his left hand was caught in the machine, amputating a part thereof, was not sufficiently definite as to the place and cause of the injury to authorize an action therefor under the employer's liability act (Consol. Laws, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 219*)—ASSUMPTION OF RISK—DEFECTIVE MACHINE.

Where an employé knew that there were no drip pans and oil cups 'on the machine at which he was working, and, that oil had spurted from the machine during the whole time of more than a year in which he had worked about them, he assumed any risk resulting from working about

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the machine in that condition; any defect because of the absence of oil receptacles being obvious.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 614, 616; Dec. Dig. § 219.*]

3. MASTER AND SERVANT (§ 219*)—ASSUMPTION OF RISK—INSUFFICIENT LIGHT.
The passageway in which plaintiff was working, when injured by slipping on the greasy floor, was lighted partly by gas jets and partly by skylights; but about a month before the accident one or more panes of the skylight had been broken, and replaced by tar paper. Plaintiff had passed through the passageway several times a day for over a year, and the light had been about the same for two months before the accident as at that time. *Held,* that any danger from the insufficient lighting of the passageway was obvious, so that plaintiff assumed the risk therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 614; Dec. Dig. § 219.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by John Welch against the Waterbury Company. From a judgment dismissing the complaint, and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

See, also, 136 App. Div. 315, 120 N. Y. Supp. 1059.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Martin T. Manton, for appellant.
Charles Capron Marsh, for respondent.

BURR, J. The notice which was served in this case, referring to the place and cause of plaintiff's injury, stated:

"That because of the greasy and slippery and defective condition of the floor around and about the machine at which he was at work, he slipped and his left hand was caught in said machine, thereby amputating three fingers and part of said hand."

There is also the statement that defendant failed to furnish proper and sufficient lights to light the place where he was at work. The evidence shows that the accident occurred at a place remote from the machine upon which plaintiff was employed, and upon an entirely different machine. [1] There is no proof in the case of the time of the service of the notice; but, if we waive that, since that does not seem to have been stated as a ground of objection to its reception in evidence, we think that it is not sufficiently definite as to the place and cause of the injury to entitle plaintiff to the benefits of the employer's liability act. Welch v. Waterbury & Co., 136 App. Div. 315, 120 N. Y. Supp. 1059; Valentine v. Garvin Machine Co., 139 App. Div. 140, 123 N. Y. Supp. 959. When this case was before this court upon a previous appeal (136 App. Div. 315, 120 N. Y. Supp. 1059), plaintiff's counsel then asked that the action be treated as one at common law. Thus considered, it was determined that a judgment for plaintiff could not be sustained, because the evidence established that the greasy and slippery condition of the floor of the passageway where plaintiff fell was an obvious risk which he had assumed. So far as the condition of the floor is concerned, and plaintiff's knowledge of the same, the

evidence does not materially differ from that given upon the former trial.

In only two respects does plaintiff's counsel contend that any difference exists. He claims now, first, that there is evidence in the case, which was not in the case on the former trial, to the effect that the point of the accident was extremely dark, that the gas jet was turned low, and that the skylight above was broken, the window panes having been broken out, and that bagging and burlap had been placed in the skylight windows at least a month before, in order to exclude the elements; second, that there was evidence offered to show that in other factories, prior to the time of the happening of the accident, where strand machines, or machines similar to the one in which the plaintiff was caught, were used, a drip pan or oil cup was used to catch the oil, and thus prevent it from flowing out on the floor near the machine.

[2] As to the latter, if we concede that the evidence establishes all that counsel claims that it does, it does not meet the principal difficulty which was considered fatal upon the former appeal. Plaintiff knew of the absence of these drip pans and oil cups, and that by reason thereof oil spurted out from the machines during all of the time that he was employed in defendant's factory and working on these machines, which was for a period of more than a year. If the omission to have these cups or pans was a defect in the machine, it was one patent and obvious to plaintiff, the effect of the omission was perfectly well known to him, and he must be deemed to have assumed the risk consequent upon the use of the machines and the passageways adjoining them in that condition.

[3] So with regard to the claim that the passageway down which he was passing when he was hurt was dimly lighted. It appeared that this passageway was lighted in part by gas jets and in part by a skylight. About a month before the accident, as testified to by one of the witnesses for plaintiff, one or more panes of glass had been broken out from the skylight, and he had placed tar paper there. Plaintiff had passed through this passageway at least twice a day during all the time that he was employed in defendant's factory. As it was open to the observation of every one, he must have observed it, or be chargeable with the consequences of his omission to observe the same. With regard to the artificial light, there is no claim that the gas was burning less brightly on the day of the accident than was usually the case. As the principal witness for plaintiff said:

"The light was always turned down there, so that it was about the same light for two months before the accident as it was at the time of the accident. * * * That was the condition the gas was each day—it had to be —during all the time that I worked there."

Following, therefore, the rule laid down when this case was previously before this court, we must hold that whatever risks there were arising out of this condition were obvious and known to the plaintiff, that he assumed the same, and for that reason is not entitled to recover.

The judgment and order appealed from must be affirmed, with costs.

JENKS, P. J., and THOMAS and CARR, JJ., concur. HIRSCHBERG, J., dissents.